# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

CHERIE LINDBERG, on behalf of herself and
all others similarly situated,

      Plaintiff,

v.                            Civil Action No. _____

UHS OF LAKESIDE, LLC,
d/b/a LAKESIDE BEHAVIORAL
HEALTH SYSTEM,

      Defendant.                            **JURY DEMANDED**

_____

## FLSA COLLECTIVE ACTION COMPLAINT

_____

Plaintiff Cherie Lindberg, on behalf of herself and others similarly situated, files the following Complaint, averring as follows:

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by UHS of Lakeside, LLC d/b/a Lakeside Behavioral Health System (hereinafter "Defendant") and whose pay was subject to an automatic meal break deduction even when those persons performed compensable work during such unpaid "meal break."

## JURISDICTION

2. This Court has original jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

## PARTIES

3. Plaintiff, Cherie Lindberg, is an adult individual residing in Memphis, Tennessee.
Plaintiff was previously employed by Defendant from on or about April 23, 2007 until
on or about January 5, 2010.  While working for Defendant, Plaintiff was regularly required to
perform compensable work during unpaid "meal breaks." Plaintiff consents to be a party to this
collective action pursuant to 29 U.S.C. § 216(b).  **See Exhibit A.**

4. Defendant operates a behavioral health system providing inpatient and outpatient
services with its principal place of business at 2911 Brunswick Road, Memphis, TN 38133.

## FACTUAL BACKGROUND

5. This action is filed on behalf of all non-exempt employees of Defendant whose
pay is subject to an automatic meal break deduction even when they perform compensable work
during their meal breaks. These persons include, but are not limited to, secretaries,
housekeepers, custodians, registered nurses, licensed practical nurses, community counselors,
administrative assistants, and others employed by Defendants during the three years preceding
the filing of this action.

6. All non-exempt employees of Defendant, upon information and belief, are subjected to
Defendant's meal break deduction policy, which is centrally and collectively dictated, controlled,
and ratified.

7. Under the meal break deduction policy, Defendant's computerized time and
attendance system automatically deducts a 30 minute meal period per work shift.

8. Plaintiff and class members often perform compensable work for Defendant
during their uncompensated "meal breaks."

9. Defendant does not ensure that Plaintiff and the class members are completely relieved of their work duties during their uncompensated "meal breaks."

10. Plaintiff and class members are routinely not completely relieved of their job duties during their uncompensated "meal breaks."

11. Defendant does not prohibit Plaintiff and class members from working during their "meal breaks" and routinely suffers or permits Plaintiff and class members to perform such work.

12. Defendant routinely fails to ensure that unauthorized work is not being performed during employee "meal breaks."

13. In fact, although Defendant automatically deducts 30 minute meal periods, Defendant expects Plaintiff and class members to be available to work throughout their shifts and consistently requires its employees to work during unpaid "meal breaks."

14. Plaintiff and class members are expected to eat without any change in demands from patients or relief by additional staff.

15. Plaintiff and class members are often required to respond to requests by patients, co-workers and supervisors, during unpaid "meal breaks."

16. Defendant knows and/or has reason to believe that Plaintiff and class members perform work during their unpaid "meal breaks."

17. Plaintiff and class members perform work for Defendant, on Defendant's premises, in plain sight, and at management's request during their unpaid "meal breaks."

18. Defendant has observed Plaintiff and class members working through their unpaid "meal breaks."

19. Given the demands of the behavioral health care industry and staffing shortages, Defendant knows that to get the tasks done that it assigns to Plaintiff and class members, Plaintiff and class members have to work through their unpaid "meal breaks."

20. Under Defendant's meal break deduction policy, Defendant improperly and illegally shifts the burden to Plaintiff and class members to ensure that non-qualifying "meal breaks" are not deducted from their pay.

21. Even though Defendant knows that Plaintiff and class members are working during "meal breaks," Defendant fails to compensate Plaintiff and class members for their work, electing instead to sit back and accept the benefits of Plaintiff and class members' uncompensated work.

22. Upon information and belief, Defendant works Plaintiff and class members "off the clock".

23. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## COLLECTIVE ACTION ALLEGATIONS

24. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

25. Plaintiff brings this FLSA collective action on behalf of Plaintiff and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows: All persons employed within the three years preceding the filing of this action by Defendant, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break." Upon information and belief, Plaintiff believes that the definition of the class will be further refined following discovery of Defendant's books and records.

26. There are questions of law and fact common to the class which predominates over any questions affecting individual members only. These factual and legal questions include:

a. Whether Plaintiff and class members were expected to and/or mandated to regularly work during unpaid meal breaks;

b. Whether Defendant failed to pay Plaintiff and class members for all hours that they worked because of the fact that they automatically deducted 30 minute meal periods despite the fact that Plaintiff and class members regularly performed compensable work during "meal breaks";

c. Whether Defendant failed to pay Plaintiff and class members all overtime compensation due to them by virtue of their "Meal Break Deduction Policy";

d. The correct statute of limitations for Plaintiff's and class members' claims;

e. The correct method of calculating back overtime pay;

f. Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

g. Whether Plaintiff and class members are entitled to restitution;

h. Whether Defendant is liable for pre-judgment interest; and,

i. Whether Defendant is liable for attorney's fees and costs.

27. Defendant has acted and refused to act on grounds generally applicable to the class.

28. The claims of the representative Plaintiff is typical of the claims of the class in that Plaintiff was denied overtime wages as a result of Defendant's uniform policy of not compensating its non-exempt employees for all hours worked. This is the predominant issue which pertains to the claims of each and every class member.

29. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

30. Plaintiff will fairly and adequately protect the interests of the class, as her interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to their non-exempt employees.

31. Counsel for Plaintiff will adequately protect the interests of the class. Such counsel is experienced with class/collective litigation and has previously served as class counsel in FLSA litigation.

32. Plaintiff and the class Plaintiff represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

33. Defendant has engaged in a continuing violation of the FLSA.

34. Plaintiff, as well as all others similarly situated, were denied overtime wages as a result of Defendant's pay practices. This violation was intended by Defendant and

was willfully done.

35. Defendant's action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the FLSA.

## FLSA OVERTIME VIOLATION

36. The allegations set forth in the preceding paragraphs are incorporated herein.

37. At all relevant times, Defendant has been an employer engaged in interstate Commerce.  At all relevant times, Defendant employed Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

38. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

39. As a consequence of Defendant's employment practices whereby it automatically deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff and class members were denied statutory overtime wages as required by the FLSA.

40. Plaintiff and class members were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

41. Defendant's policy of denying Plaintiff and class members overtime wages represents and results in a violation of the FLSA's minimum wage requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1.  Issuance of notice as soon as possible to all installers and technicians who were employed by Defendant during any portion of the three years immediately preceding the filing of this action.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right

to opt into this lawsuit if they were not paid the proper overtime compensation for their hours worked in any week during the statutory period;

2.    Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

3.    Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rates;

4.    Judgment against Defendant that their violations of the FLSA were willful;

5.    An equal amount to the overtime damages as liquidated damages;

6.    All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

7.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8.    Leave to amend to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206;

9.    Leave to amend to add other defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d);

10.   An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and,

11.   For all such further relief as the Court deems just and equitable.


Dated: 01/07/2010                                  Respectfully submitted,

                                                   /s/ William B. Ryan
                                                   Donald A. Donati (TN 8633)
                                                   William B. Ryan (TN 20269)
                                                   Bryce W. Ashby (TN 23008)
                                                   DONATI LAW FIRM, LLC
                                                   1545 Union Avenue
                                                   Memphis, Tennessee 38104
                                                   Telephone: 901/278-1004
                                                   Facsimile: 901/278-3111
                                                   Email: billy@donatilawfirm.com

                                                   ATTORNEYS FOR PLAINTIFF